UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE LOPEZ,<br><br>           Petitioner,<br><br>      v.<br><br>MARTIN GAMBOA,<br><br>           Respondent. | Case No.  1:21-cv-01761-JLT-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION FOR LACK OF JURISDICTION[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 8) |

      Petitioner Enrique Lopez, a state prisoner proceeding *pro se*, has pending a petition for writ of habeas corpus under 28 U.S.C. § 2254.  (Doc. No. 1, "Petition").  Respondent filed a motion to dismiss on March 28, 2022.  (Doc. No. 8).  As of the date of this order, Petitioner has not filed a response to the motion, nor requested an extension of time to respond, and the time for doing so has expired.  (*See* Doc. No. 4 at ¶ 4, advising Petitioner that he has twenty-one (21) days to file a response if Respondent files a motion to dismiss).  For the reasons set forth more fully below, the undersigned recommends granting Respondent's motion to dismiss because the Petition is an unauthorized second or successive petition.[2]

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

[2] Respondent additionally argues the Petition should be dismissed because it is untimely, includes an unexhausted claim, and ground one fails to raise a cognizable federal question.  (Doc. No. 20).  Because

## I. BACKGROUND

Petitioner challenges his 2011 conviction after a jury trial for first degree murder and possession of a firearm by a felon, for which he was sentenced by the Stanislaus County Superior Court to 25 years to life for the murder count followed by 25 years to life and a consecutive term of two years for the enhancement of personally discharging a firearm. (*See* Doc. No. 1 at 1, 19). Liberally construed, the Petition raises four grounds for relief: (1) the trial court abused its discretion under Senate Bill 620 when deciding not to strike the gun use enhancement; (2) police and prosecution "tainted" video recording evidence presented at trial; (3) the government presented false evidence; and (4) there was insufficient evidence to support the conviction. (*Id.* at 6-11). Respondent argues the Petition should be dismissed because it is successive, untimely, ground one is unexhausted, and ground one fails to state a cognizable federal question. (Doc. No. 8). Petitioner did not file a response.

## II. APPLICABLE LAW AND ANALYSIS

Under Rule 4, if a petition is not dismissed at screening, the judge "must order the respondent to file an answer, motion, or other response" to the petition. R. Governing 2254 Cases 4. The Advisory Committee Notes to Rule 4 state that "the judge may want to authorize the respondent to make a motion to dismiss based upon information furnished by respondent." A motion to dismiss a petition for writ of habeas corpus is construed as a request for the court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases. *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990). Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

A second or successive petition that raises the same grounds as a prior petition must be dismissed. 28 U.S.C. § 2244(b)(1). Dismissal also is required for a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new constitutional

---

the undersigned recommends dismissal of the petition as successive, the Court lacks jurisdiction to consider the remaining arguments and/or it is unnecessary to consider whether the grounds asserted by Petitioner are timely, exhausted, or cognizable on federal habeas review. *See Cooper v. Neven*, 641 F.3d 322, 327-28 (9th Cir. 2011) (stating that when a particular issue is dispositive, a district court "need not consider alternative reasons for dismissing the petition.").

right, made retroactive by the United States Supreme Court or (2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).

However, it is not the district court that decides whether a second or successive petition meets these requirements; the petitioner must obtain leave from the Ninth Circuit Court of Appeals to proceed. *See* § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007); *Chades v. Hill*, 976 F.3d 1055, 1056 (9th Cir. 2020). This court is mandated to dismiss a second or successive petition unless the Court of Appeals has given petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. *Burton*, 549 U.S. at 152 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001).

The Court takes judicial notice of its files and notes Petitioner has filed two previous habeas petitions in this Court, both challenging the same 2011 conviction and sentence entered by the Stanislaus County Superior Court: *See Lopez v. Frauenheim*, No. 1:15-cv-00139-LJO-JLT; and *Lopez v. Frauenheim*, No. 1:16-cv-00184-LJO-MJS. Petitioner's first petition (1:15-cv-00139-LJO-JLT) was denied as unexhausted, but his subsequent petition (1:16-cv-00184-LJO-MJS) was dismissed as untimely. *See McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding "dismissal of a first habeas petition for untimeliness presents a 'permanent and incurable' bar to federal review of the underlying claims," and thus renders subsequent petitions "second or successive"). The Court further notes the Ninth Circuit subsequently denied Petitioner's request for a certificate of appealability on February 22, 2018. (Doc. No. 10-22).

Because Petitioner has sought relief from this Court on a prior occasion for the same conviction that was dismissed as untimely, the undersigned finds that the instant Petition is an unauthorized successive petition prohibited by 28 U.S.C. § 2244(b). Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition. Therefore, this Court has no jurisdiction to consider Petitioner's renewed application for relief under 28

1  U.S.C. § 2254.  *See Burton*, 549 U.S. at 157.  The undersigned recommends that the Petition be
2  dismissed as an unauthorized successive petition.

### IV.  CERTIFICATE OF APPEALABILITY

State prisoners in a habeas corpus action under § 2254 do not have an automatic right to appeal a final order.  *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  To appeal, a prisoner must obtain a certificate of appealability.  28 U.S.C. § 2253(c)(2); *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  Where, as here, the court denies habeas relief on procedural grounds without reaching the merits of the underlying constitutional claims, the court should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*.  Here, reasonable jurists would not find the undersigned's conclusion debatable or conclude that petitioner should proceed further.  The undersigned therefore recommends that a certificate of appealability not issue.

Accordingly, it is RECOMMENDED:

1. Respondent's Motion to Dismiss (Doc. No. 8) be **GRANTED**.
2. The Petition (Doc. No. 1) be **DISMISSED**.
3. Petitioner be denied a certificate of appealability.

### NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these findings and recommendations, a party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's

4

1  Findings and Recommendations." Parties are advised that failure to file objections within the
2  specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834,
3  838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:    October 28, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE