**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ENRIQUE LOPEZ,<br><br>    Petitioner,<br><br>    v.<br><br>MARTIN GAMBOA,<br><br>    Respondent. | Case No.: 1:21-cv-01761-JLT-HBK (HC)<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Docs. 8, 12) |

Enrique Lopez is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Respondent seeks dismissal of the petition, arguing that it is successive, untimely, and includes an unexhausted claim. (Doc. 8)

On October 31, 2022, the assigned magistrate judge reviewed the petition and determined it was an authorized successive petition. (Doc. 12.) The magistrate judge observed: "Petitioner has filed two previous habeas petitions in this Court, both challenging the same 2011 conviction and sentence entered by the Stanislaus County Superior Court" in *Lopez v. Frauenheim*, Case No. 1:15-cv-00139-LJO-JLT; and *Lopez v. Frauenheim*, Case No. 1:16-cv-00184-LJO-MJS. (*Id.* at 3.) In addition, the magistrate judge noted "the Ninth Circuit subsequently denied Petitioner's request for a certificate of appealability on February 22, 2018." (*Id.*) Because Petitioner sought relief from this Court previously for the same conviction, the magistrate judge found "the instant Petition is an unauthorized successive petition prohibited by 28 U.S.C. § 2244(b)." (*Id.*) Further,

1

1  the magistrate judge found, "Petitioner makes no showing that he has obtained prior leave from
2  the Ninth Circuit to file his successive petition." (*Id.*)  Therefore, the magistrate judge concluded
3  the Court lacks jurisdiction over the petition, and recommended it be dismissed.  (*Id.* at 3-4.)

4       The Findings and Recommendations served on Petitioner notified him that any objections
5  had to be filed within 14 days.  (*See* Doc. 12 at 4-5.)  The Findings and Recommendations
6  advised Petitioner that his "failure to file objections within the specified time may result in the
7  waiver of rights on appeal."  (*Id.* at 5, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir.
8  2014), *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991).)  To date, Petitioner has not filed
9  objections, and the deadline to do so has expired.

10       According to 28 U.S.C. § 636 (b)(1)(C), the Court conducted a *de novo* review of the case.
11  Having carefully reviewed the entire matter, the Court concludes the magistrate judge's Findings
12  and Recommendations are supported by the record and proper analysis.

13       Having determined that petitioner is not entitled to habeas relief, the Court now turns to
14  whether a certificate of appealability should issue.  The federal rules governing habeas cases
15  brought by state prisoners require a court denying a habeas petition to either grant or deny therein
16  a certificate of appealability.  *See* Rules Governing § 2254 Case, Rule 11(a).  A prisoner seeking
17  a writ of habeas corpus has no absolute entitlement to appeal, rather an appeal is only allowed in
18  certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *see also* 28 U.S.C.
19  § 2253(c)(1)(A) (permitting habeas appeals from state prisoners only with a certificate of
20  appealability).  A judge shall grant a certificate of appealability "only if the applicant has made a
21  substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the
22  certificate must indicate which issues satisfy this standard, 28 U.S.C. § 2253(c)(3).  In the present
23  case, the Court finds that reasonable jurists would not find the Court's rejection of Petitioner's
24  claims to be debatable or conclude that the petition should proceed further. Based upon the
25  foregoing, the Court **ORDERS**:

26     1.   The Findings and Recommendations issued on October 31, 2022 (Doc. 12), are
27       **ADOPTED** in full.
28     2.   Respondent's motion to dismiss (Doc. 8) is **GRANTED**.

3. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** for lack of jurisdiction.

4. The Court declines to issue a certificate of appealability.

5. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated: __**December 8, 2022**__

UNITED STATES DISTRICT JUDGE